# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KENNETH WAYNE MCKINNEY,** | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 19-cv-00413-JPG ) |
| **JEFFERSON COUNTY JUSTICE CENTER,** | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Kenneth Wayne McKinney brings this action pursuant to 42 U.S.C. § 1983 for alleged unconstitutional conditions of confinement and seeks monetary damages. The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff alleges Lt. Nancy placed him in disciplinary segregation on lock down in a cell that has a sprinkler head missing and thereby endangered his life. (Doc. 1, pp. 1-2). Based on this allegation, the Court designates the following single count:

Count 1: Defendant subjected Plaintiff to unconstitutional conditions of confinement.

The parties and the Court will use this designation in all future pleadings and orders,

unless otherwise directed by a judicial officer of this Court. The designation does not constitute an opinion regarding its merit. **Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.**[1]

## Discussion

Plaintiff names a single defendant in connection with his claim, the Jefferson County Justice Center ("the Jail"). However, the Jail is not a "person" subject to suit under Section 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993). Further, the county jail is not considered a legal entity capable of being sued. *Hedger v. Wexford*, No. 18-cv-2081-JPG, 2019 WL 117986, at *2 (S.D. Ill. Jan. 7, 2019) (citing *Magnuson v. Cassarella*, 812 F.Supp. 824, 827 (N.D. Ill. 1992); *West v. Waymire*, 114 F.3d 646, 646-47 (7th Cir. 1997). Accordingly, the Jefferson County Justice Center will be dismissed with prejudice.

Even if Plaintiff intended to name Jefferson County instead of the Jail, the Complaint still fails to state a claim upon which relief may be granted. Governmental entities can only be held liable for the unconstitutional acts of employees that are carried out pursuant to an official policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). The Complaint refers to no policy or custom that caused Plaintiff's injury. Therefore, any claim against Jefferson County will be considered dismissed without

---

[1] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

prejudice.

Plaintiff makes an allegation against Lt. Nancy, but this individual is not identified as a defendant in the case caption. Accordingly, any claim Plaintiff intended to bring against Lt. Nancy is dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be specified in the caption).

Because Plaintiff has failed to name a proper defendant, the Complaint will be dismissed without prejudice. Plaintiff is granted leave to file an amended complaint. Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). A successful complaint generally alleges "the who, what, when, where, and how ...." *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Thus, if Plaintiff wants to pursue his claim, the amended complaint should identify who violated Plaintiff's constitutional rights by name and should include a description of how Plaintiff's rights were violated. Additionally, should Plaintiff amend his complaint, he should tell the Court whether he was a pretrial detainee or prisoner at the time of any alleged constitutional violation.

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Defendant **JEFFERSON COUNTY**

**JUSTICE CENTER** is **DISMISSED** with prejudice from the action. The Clerk of Court is **DIRECTED** to **TERMINATE** this defendant in the Court's Case Management/Electronic Case Filing system (CM/ECF).

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **July 10, 2019**. An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own *without* reference to any previous pleading. Plaintiff must set forth all claims against all defendants in the First Amended Complaint. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claim. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

If Plaintiff wants to pursue his claim, it is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-00413-JPG). The Clerk of Court is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint.  28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 6/12/2019**

s/J. Phil Gilbert
**J. PHIL GILBERT
United States District Judge**